NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN CRAM; et al.,

          Plaintiffs-Appellants,

and

BARBARA GRABBEL; et al.,

          Plaintiffs,

  v.

SERVICE EMPLOYEES
INTERNATIONAL UNION LOCAL 503,
OREGON PUBLIC EMPLOYEES UNION,
a labor organization and KATY COBA, in
her official capacity as Director of the
Oregon Department of Administrative
Services,

          Defendants-Appellees.

No.    22-35321

D.C. No. 6:20-cv-00544-MK

U.S. District Court for Oregon,
Eugene

MEMORANDUM[*]

Appeal from the U.S. District Court
for the District of Oregon
Mustafa Kasubhai, Magistrate Judge, Presiding

Submitted October 19, 2023
San Francisco, California

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs are Oregon State employees who voluntarily joined the Service Employees International Union Local 503 ("Union"), the exclusive bargaining representative for their unit. Plaintiffs signed membership agreements that authorized the deduction of "all Union dues and other fees or assessments." Plaintiffs later resigned their union membership, and the Union notified them that their deductions would continue until the window period for revoking authorization.[1] Plaintiffs raise First Amendment claims against the Union and Katy Coba, Director of the Oregon Department of Administrative Services, under Section 1983. The district court granted summary judgment for defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Plaintiffs assert that they were not given an informed choice about whether to pay the $2.75 per month "Issues Fund" fee, which amounts to a political charge, and that the deduction procedure was impermissibly controlled by the Union. *See Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 316 (2012). Plaintiffs argue that they were not members of the Union when they originally executed their membership agreements and that, after they resigned their union membership, they became nonmembers. But the "procedural safeguards" that protect nonmembers from the risk of compelled political speech do not apply here since Plaintiffs were

---

[1] Plaintiff Ryan Cram is the only exception. His payroll deductions terminated shortly after his resignation of membership.

voluntary union members. *See Knox*, 567 U.S. at 316; *Belgau v. Inslee*, 975 F.3d 940, 951–52 (9th Cir. 2020) (rejecting the argument that the language in *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2486 (2018) about "waiver" applies to union members at the time they enter into their membership agreement).

2.     Plaintiffs similarly assert that under *Janus*, defendants unconstitutionally deduced political charges from their wages as nonmembers because there is not "clear and compelling evidence" that they waived their First Amendment rights. But this Court has held that *Janus* does not reach those "who affirmatively signed up to be union members." *Belgau*, 965 F.3d at 944.

3.     The Union also did not engage in state action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Any harm from the union deductions is caused by the membership agreements which Plaintiffs freely signed. On similar facts, we declined to find state action under *Lugar* in *Belgau*, 975 F.3d at 946–47.

Nor is the Union a state actor under the "joint action" or "governmental nexus" tests that guide our analysis under *Lugar*'s second prong. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). The state's transmission of an assessment to a union after an employee authorizes such deductions does not give rise to a section 1983 claim against the union under the "joint action" test. *See Belgau*, 975 F.3d at 947–49. Similarly, "ministerial processing of payroll deductions

3

pursuant to [e]mployees' authorizations" does not create a nexus between the state and the Union. *Id.* at 947–48 & n.2.

**AFFIRMED.**